# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE MANITOWOC COMPANY, INC., | ) |
| Plaintiff, | ) Case No. 14-cv-9271 |
| | ) Judge John Z. Lee |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| MICHAEL KACHMER, CRAIG REUTHER, and CHRISTOPHER BRISCH, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Michael J. Kachmer, Craig Reuther, and Christopher Brisch (collectively, "Defendants") move to compel Plaintiff The Manitowoc Company, Inc. ("Plaintiff") to produce audio recordings of meetings held with five employees prior to their termination. Dkt. 105. For the reasons set forth below, Defendants' motion is granted. Plaintiff is ordered to redact any notes inserted into the audio recordings by its attorneys and to produce the recordings as requested.

## BACKGROUND

Defendants' motion arises from Plaintiff's allegations that Defendants requested, received, used, or disclosed confidential or proprietary company information from five of Plaintiff's then-employees, Julianne Free, Tammy Henry, Glenn Lachowiez, Anna Ruffin, and Kevin Walliser (collectively, "Employees"). See Dkt. 106 at 1; Dkt. 122 at 2. Defendants move to compel the production of the audio recordings of interviews between Plaintiff's outside counsel, Joel Aziere, and each of the five Employees, which were recorded by Aziere through an

application on his personal cell phone and contain his later-inserted notes and impressions of the interviews. Dkt. 122 at 3-5.

The information at issue was recorded by Aziere between August 27, 2015, and September 30, 2015, during his interviews with each of the five Employees. Dkt. 123 at ¶¶ 14-17, 20. According to Plaintiff, the "sole purpose [of the interviews] was to prepare the referenced employees for their depositions . . . and/or to continue [Aziere's] preparation of [Plaintiff's] case against Defendants." Dkt. 123 at ¶ 13. At the outset of Plaintiff's suit, four of the five Employees—Free, Henry, Lachowiez, and Walliser—had been identified in Defendants' Rule 26 disclosures, and at the time of the interviews three of the five Employees—Henry, Lachowiez, and Walliser—had been noticed by Defendants for deposition. *See* Dkt. 122 at 2-4. In support of its contention that the interviews were intended as witness preparation sessions, Plaintiff emphasizes that Aziere requested the interviews of his own volition without any direction from Plaintiff; however, each interview was attended by and scheduled with the assistance of Nancy Musial, Plaintiff's human resources manager. Dkt. 122 at 3-4; Dkt. 123 at ¶¶ 8-12; Dkt. 124 at ¶¶ 2-3. Plaintiff also states that Aziere informed each of the Employees at the start of each interview that their communication during the interview was protected by the attorney-client privilege, Dkt. 122 at 4; Dkt. 123 at ¶ 18, although at least one Employee stated in his deposition that he does not recall being informed that Aziere would be representing him or otherwise acting as his attorney, Dkt. 106-1, Ex. H at 46:14-19.

On or around October 9, 2015, shortly after the last meeting, Plaintiff terminated each of the Employees based on information uncovered "[d]uring discovery." Dkt. 106-1, Ex. C. On November 20, 2015, Defendants' counsel Michael Levinson served Plaintiff with Defendant Kachmer's fifth set of discovery requests, which included a request that Plaintiff produce "any

2

notes, summaries, memoranda, documents, or visual or audio recordings" related to the termination of the five Employees. Dkt. 123-2, Ex. B. Plaintiff objected in its December 21, 2015, response and refused to produce the aforementioned recordings, citing both the attorney-client privilege and the work-product doctrine. Dkt. 123, Ex. C at 8. Between December 29, 2015, and January 5, 2016, Levinson and Aziere exchanged emails regarding Defendant Kachmer's discovery requests, in which Aziere reiterated his position and refused to produce the recordings. Dkt. 123, Ex. D.

These recordings are the subject of Defendants' motion to compel. Plaintiff contends that the recordings are not discoverable for any of the following three reasons: first, the recordings were created by a non-party, outside counsel, and are therefore not subject to discovery under Federal Rule of Civil Procedure 34(a); second, the recordings are protected by the attorney-client privilege; or third, the recordings are protected under the attorney work-product doctrine. Dkt. 122 at 6, 7, 9. We consider each issue in turn.

## DISCUSSION

### I. Federal Rule of Civil Procedure 34

Federal Rule of Civil Procedure 34(a) allows a party to request documents within another party's "possession, custody, or control." Plaintiff maintains that the recordings at issue are not within the scope of the rule—and thus not subject to Defendants' discovery requests—because they were made and kept by Mr. Aziere, who is not a named party to the suit. Dkt. 122 at 6-7. This argument is unpersuasive. Aziere created the recordings during the course of his representation of Plaintiff, and so Plaintiff has control of the recordings for the purpose of Rule 34.

A document is subject to discovery if a party is able to exercise "control" over it. *See* Fed. R. Civ. P. 34(a)(1); *see also Thermal Design, Inc. v. American Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 838-89 (7th Cir. 2014) (affirming the district court's use of a control standard when ruling on a motion to compel). A party's control over a document is not contingent on whether it actually possesses or can access the document, as Plaintiff's argument implies, *see* Dkt. 122 at 6-7, but rather "whether the party has a legal right to obtain [the document]" from its actual possessor. *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotation marks omitted).

Generally, a party has the legal right to obtain a document from its attorney when the document is related to the attorney's representation of the client. *See* Restatement (Third) of the Law Governing Lawyers § 46(2) (Am. Law Inst. 2000).[1] This right extends to documents delivered by the client to the attorney as well as to documents generated by the attorney during his representation of the client. *See id.* at cmt. c. The audio recordings here fall squarely within this rule. Neither the fact that Aziere used his personal cell phone to record the interviews nor the fact that Aziere refrained from providing the recordings to Plaintiff is of any consequence. The recordings were created by Plaintiff's attorney during the course of representation, which gives Plaintiff the legal right to obtain them on demand. They are within Plaintiff's control for the purpose of Rule 34(a).

## II. Attorney-Client Privilege

Since this is a diversity case, Plaintiff's assertion of the attorney-client privilege is governed by Illinois law. *See* Fed. R. Evid. 501; *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095,

---

[1] Further, litigants in the Seventh Circuit have the right to demand documents from their former attorneys. *See generally Avery Dennison Corp. v. UCB Films PLC*, 1998 WL 293002, at *2 (N.D. Ill. 1998); *Marshall v. Town of Merrillville*, 2015 WL 4232426, at *7 (N.D. Ind. 2015). It follows that litigants would have the right to demand documents from their current attorneys as well.

4

1098 (7th Cir. 1987). Illinois has adopted the control-group test in the corporate client context, where the party asserting the privilege has the burden of showing that: 1) the communication in question was made by corporate employees "who are the decisionmakers or who substantially influence corporate decisions;" and 2) that "the communication originated in a confidence that it would not be disclosed, was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, and remained confidential." *Consolidation Coal Co. v. Bucyrus-Erie Co.*, 432 N.E.2d 250, 257 (Ill. 1982).

Plaintiff here has not met that burden. There has been no showing in either Plaintiff's memorandum or the transcripts of the interviews that any of the five Employees were decisionmakers or that they substantially influenced the company's decisions, such that they can be considered part of the control group. Plaintiff contends that the fact that the five Employees had access to the confidential or proprietary information and the fact that Defendants named the Employees in their Rule 26 disclosures shows that the Employees were part of Plaintiff's control group. Dkt. 122 at 8-9. This argument is unpersuasive. The fact that an employee is able to access his employer's confidential or proprietary information does not show that he is such an important manager or adviser that the company would not normally make a decision without the employee's advice or opinion. *See Consolidation Coal Co.*, 432 N.E.2d at 258. It simply shows that the information in the employee's possession is important to the company's work, and that the employee will need access to that information in the normal course of business.

The fact that an employee was identified in an opposing party's Rule 26 disclosures is similarly inconsequential to the control-group analysis. Possessing discoverable information about a party's claim or defense does not show that an employee is a decisionmaker or a top adviser. Of course, control-group employees are very likely to have discoverable information,

5

but that by itself does not make an employee a member of the control group. Plaintiff has not offered any facts to show that the Employees were part of the control group, and so we hold that the attorney-client privilege does not apply.

### III. Work-Product Doctrine

The federal work-product doctrine generally protects documents or tangible things created by a party or its representative in anticipation of litigation.[2] *See* Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 508-13 (1947). One of the doctrine's primary purposes is "to protect an attorney's thought processes and mental impressions against disclosure." *Sandra T.E. v. South Berwyn School District 100*, 600 F.3d 612, 622 (7th Cir. 2010). Defendants emphasize that their motion applies only to the verbatim audio recordings of the Employee interviews and not to any of the notes Aziere inserted into the recordings, which they acknowledge are likely to contain his thought processes or mental impressions about the case. Dkt. 126 at 6. Plaintiff, however, maintains that even if Aziere's notes are redacted, the recordings are protected by the work-product doctrine because Aziere's questions to the Employees and their corresponding responses directly reflect his thought processes and mental impressions about the case. *See* Dkt. 122 at 11. We disagree with Plaintiff's assessment.

After an *in camera* inspection of the transcripts, we have not found anything that would show that Aziere's mental impressions and theories about the case are so "inextricably intertwined" with his line of questioning that we can reasonably characterize the Employees' statements as the work product of Aziere himself. Dkt. 122 at 11. In fact, it is possible to redact Aziere's questions from the transcripts and read the Employees' responses on their own as a

---

[2] Assertions of privilege under the work-product doctrine are governed solely by federal law, even in diversity cases. *Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 405 (N.D. Ill. 2001); *Dawson v. New York Life Ins. Co.*, 901 F.Supp. 1362, 1367 (N.D. Ill. 1995).

fairly coherent description of the underlying facts of the case, which in our opinion shows that the interviews were more about collecting the verbatim statements of third-party witnesses than about preparing those witnesses for a deposition. Aziere's questions were simply not influential enough to take the Employees' responses out of the realm of a witness's factual assertions and into the realm of his own work product.

Further, the fact that Aziere took audio recordings of the interviews cuts against the argument that his mental impressions and legal theories are "inextricably intertwined" with the underlying factual content of the interviews. *See* Dkt. 122 at 11. Put simply, by using an audio recording device Aziere has done nothing to make the resulting "document" his own work product. Had he taken the Employees' statements by hand, or summarized the interviews in his own words, or in some way filtered or recorded only what he perceived to be the most important or relevant parts of the Employees' statements, we would be much more inclined to believe that Aziere had injected his own mental impressions or legal theories into the interviews.[3] But that is not the case. There is nothing in the transcripts to support Plaintiff's assertion that Aziere's questions themselves make the Employees' verbatim statements his own work product. *See* Dkt. 122 at 11. The recordings contain the verbatim statements of third-party witnesses. Under those circumstances, the work-product doctrine does not shield them from discovery.

This is not the first instance where this Court has declined to extend work-product protection to verbatim audio recordings created by an attorney. In *In re Aftermarket Filters Antitrust Litigation*, 2010 WL WL 4791502, at *4-5 (N.D. Ill. 2010), a magistrate judge held that transcripts of several recorded conversations between counsel and a Department of Justice attorney regarding other documents already disclosed during the discovery process did not

---

[3] This is presumably what Aziere did by overlaying his notes onto the recordings after the interviews had concluded, but as Defendants make clear, those later-inserted notes are not the subject of their motion. *See* Dkt. 126 at 6.

constitute counsel's *per se* work product, "since the transcripts appear to be simply verbatim transcriptions of the conversations" between counsel and a potential adversary. Although the conversation there was between counsel and a potential adversary and not between counsel and a witness, as is the case here, the premise is the same: a verbatim audio recording of a witness statement created by counsel in anticipation of litigation is not *per se* work product simply because it was created by counsel.

Other courts have arrived at the same conclusion regarding verbatim witness statements in similar contexts. *See U.S. E.E.O.C. v. ABM Industries, Inc.*, 261 F.R.D. 503, 513 (E.D. Cal. 2009) (holding that questionnaire responses "are essentially verbatim witness statements made by third parties" and as such "are not protected by the work product doctrine"); *Schipp v. General Motors Corp.*, 457 F.Supp.2d 917, 924 (E.D. Ark. 2006) ("Notes taken during witness interviews by [an insured's] insurer and provided to her attorney are protected by the work-product doctrine. However, any verbatim non-party witness statements are neither privileged nor work product and must be produced." (internal citations omitted)); *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 653 (D. Alaska 1994) ("[T]his court views the attorney work product rule as involving a kind of fiction when the subject is the verbatim statements of witnesses. What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties." (emphasis in original)). We similarly hold that the Employees' verbatim statements are not Aziere's work product.[4]

---

[4] Even assuming the audio recordings constitute work product, Plaintiff has waived the privilege by failing to list the documents in its privilege log. Rule 26(b)(5)(A) requires a party asserting a privilege to do so expressly and to describe the documents in question to the extent that another party—and the Court, for that matter—can assess the claim. *See Hobley v. Burge*, 433 F.3d 946, 951 (7th Cir. 2006) ("Claims of work-product privilege are not, of course, self-executing."). Here, not only did Plaintiff fail to list the Employee interview recordings in its privilege log, it also failed to acknowledge the existence of the recordings until faced with Defendant Kachmer's formal and informal requests to produce. *See* Dkt. 126, Ex. A; Dkt. 123-2, Ex. B; Dkt. 123, Ex. D. This goes beyond a good-faith oversight. By knowingly refusing to declare potentially privileged information as required by Rule 26(b)(5)(A), Plaintiff has waived its ability to assert work-product privilege over the recordings.

## CONCLUSION

Plaintiff is ordered to redact Aziere's notes and produce the recordings of the interviews of Employees Henry, Free, Lachowiez, Ruffin, and Walliser. Defendants' motion to compel is granted.

Date: 5/10/2016

_____
U.S. Magistrate Judge, Susan E. Cox